IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TRACY B. ERVIN, <br> RODERICK N. WHITE, and <br> ROBERT LADSON <br><br> Plaintiffs, <br><br> vs. <br><br> BULL HN INFORMATION SYSTEMS <br> INC. A/K/A HONEYWELL <br> TECHNOLOGY SOLUTIONS, INC. <br><br> Defendant. | No. _____ <br><br><br> JURY DEMAND |

## COMPLAINT

Comes now Plaintiffs, by and through counsel, and allege the following in their cause of action against Defendant: <u>Count One</u> - Violations of the Civil Rights Act of 1991, 42 U.S.C. § 1981 and 1983; <u>Count Two</u> - Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and <u>Count Three</u> - Violations of the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 *et seq.*

### JURISDICTION AND VENUE

1. This action is brought under the Civil Rights Act of 1991, 42 U.S.C. 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e; and the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq,* and the common law of the State of Tennessee (or Commonwealth of Kentucky).

2. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiffs' claims arising under the Constitution and laws of the United States.

3. This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiffs' claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

4. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

5. Venue is appropriate in the Middle District of Tennessee, Nashville Division under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## PARTIES

6. Plaintiff, **TRACY B. ERVIN** ("Ervin"), resides in Montgomery County, Tennessee.

7. Plaintiff, **RODERICK N. WHITE** ("White"), resides in Montgomery County, Tennessee.

8. Plaintiff, **ROBERT LADSON** ("Ladson"), resides in Montgomery County, Tennessee.

9. Defendant, **BULL HN INFORMATION SYSTEMS INC. A/K/A HONEYWELL TECHNOLOGY SOLUTIONS, INC.**, is a Tennessee Corporation, doing business at Fort Campbell United States Army Installation which is located on the Tennessee/Kentucky state line. Defendant's registered agent for service of process is CT Corporation, 800 South Gay Street, Knoxville, Tennessee 37929.

## GENERAL FACTUAL ALLEGATION

10. Plaintiffs are African American employees.

11. Defendant is a logistics corporation doing work for the United States Army at Fort Campbell Military Installation. Defendant employs more than five hundred (500) employees in each of twenty (20) or more calendar weeks in the current or proceeding calendar year.

12. Plaintiff Ervin was hired in June 2008 as a PBUSE Clerk. Ervin is still employed with Defendant as a PAAVM.

13. Plaintiff White was hired in December 2008 as a Motorpool Operation and Readiness Manager. White is still employed with Defendant as a Motorpool Operation and Readiness Manager.

14. Plaintiff Ladson was hired in April 2007 as an Inventory Specialist. Ladson is still employed with Defendant as an Equipment Storage Operations Specialist.

15. All Plaintiffs have been subjected to racial discrimination and retaliation as well as a hostile environment.

16. Plaintiffs have been treated less favorably in the terms and conditions of their employment than their white counterparts. The terms and conditions of their employment which have been adversely affected include but are not limited to inspection and performance evaluations, disciplinary process, pay raises and job retention.

17. Plaintiff Ervin in October 2008 reported to management the discriminatory conduct of her supervisor, Marshall. Marshall would apply harsher standards to Ervin, and other African American employees, in the areas of inventory, inspection and performance evaluations. Plaintiff Ervin reported this discriminatory conduct on behalf of herself and other African American employees of Defendant to her project manager. Defendant undertook no action on Ervin's report.

18. Part of Ervin's job responsibilities was to inspect and inventory military equipment that had been, or was to be, deployed for combat. Supervisors, including Marshall, continually over-criticized Ervin's job performance in these areas when compared to her white counter-parts. Defendant actually attempted to discipline Ervin in 2010 for inspection and inventory issues that had

allegedly occurred two (2) or more years prior. Ervin's white counterparts have damaged equipment and displaced equipment without ever being disciplined.

19. Ervin has also been subjected to racially derogatory cartoons in the workplace done out in the open with no action being taken against the white employee responsible for such.

20. Plaintiff White was subjected to a "cussing" by one of his white subordinate employees. White issued a counseling letter, pursuant to policy, against this white subordinate but was informed by a supervisor, Marshall, that the employee would not be disciplined. This white subordinate received his annual pay raise in March of 2010. Plaintiff White was denied his annual pay raise because of the altercation with this subordinate.

21. Plaintiff Ladson was denied the opportunity to attend job related training courses while the white employees on his "team" with less seniority were permitted to attend. Ladson complained about his treatment. In March 2010, Ladson was given a lower annual pay raise than his white counterparts. Ladson had more seniority and a heavier workload than those white employees.

22. Ladson was confronted in the workplace by a white employee who said to Ladson he was going to "kick you [Ladson] in the f___ing face." Ladson reported this threat to management. Thereafter, Ladson was given a lower performance evaluation by supervisor Marshall.

23. Defendant, thru its agents and employees, have continually harassed and retaliated against Plaintiffs because of their race and prior complaints.

24. Plaintiffs filed their EEOC Charges and were issued their Notice of Right to Sue on September 29, 2010.

## COUNT ONE

### Violations of the Civil Rights Act of 1991, 42 U.S.C. 1981 Against Defendant

25. Defendant's conduct described herein, such as less favorable treatment in job placement and assignment, disciplinary process, evaluations and pay raises violated the Civil Rights Act of 1991, 42 U.S.C. 1981.

26. Defendant acted intentionally, recklessly, or maliciously against Plaintiffs in violation of the Civil Rights Act of 1991.

27. Defendant's retaliation and refusal to treat Plaintiffs comparably to their white counterparts was a part of a knowing and intentional pattern of discrimination in violation of the Civil Rights Act of 1991.

28. As a direct and proximate result of Defendant's violation of the Civil Rights of 1991, Plaintiffs have suffered and continue to suffer loss of income and other employment benefits, and suffered and continues to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

## COUNT TWO

### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e

29. Plaintiffs filed their charge with the EEOC and demanded their Right to Sue Letters.

30. Defendant has over five hundred (500) employees.

31. During all times complained herein, Defendant was an employer under the terms of Title VII of the Civil Rights Act, 42 U.S.C. 2000e (b) and (f), and as such Defendant is subject to the rules, regulations and penalties of this law.

32. Defendant denied Plaintiffs the employment conditions and opportunities which were afforded white employees as well as treating them less favorably when it came to job placement or assignments, disciplinary process, evaluations and pay raises.

33. Defendant engaged in, condoned, and ratified harassing and discriminatory conduct of its employees which resulted in racially hostile work environment.

34. Defendant is directly or vicariously liable for race discrimination under Title VII which results from the discriminatory practices and policies of its management.

35. This discrimination on the part of Defendant constitutes a violation of the Plaintiffs' rights under Title VII.

36. The discriminatory employment practices, described herein, have caused Plaintiffs to experience harm, including loss of compensation, wages, back and front pay, and other employment benefits.

37. Plaintiffs have further suffered emotional distress, humiliation, indignity and resulting injury and loss along with other damages.

## COUNT THREE

### Violations of The Tennessee Human Rights Act

38. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of The Tennessee Human Rights Act.

39. Defendant is a "person" as defined by the The Tennessee Human Rights Act.

40. Defendant did segregate or classify Plaintiffs based upon their race in a way that would tend to deprive them of employment opportunities or otherwise adversely affect their status as employees in violation of The Tennessee Human Rights Act.

41. Defendant's actions to treat them less favorably than their white counterparts resulted from a knowing and intentional pattern of discrimination in violation of The Tennessee Human Rights Act.

42. As a direct and proximate result of Defendant's violation of the The Tennessee Human Rights Act, Plaintiffs have suffered and continue to suffer distress, humiliation, embarrassment, emotional pain and other damages.

WHEREFORE, Plaintiffs pray:

1. For a jury to be empanelled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;

2. Attorney's fees and the cost of litigation to include expert fees;

3. Damages for humiliation, embarrassment, emotional pain and other damages;

4. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;

5. A judgment against Defendant for prejudgment interest; and

6. Such other relief as this Court deems proper.

Respectfully submitted,

**KELLY, KELLY & ALLMAN**

/s/ Andy L. Allman
Andy L. Allman, BPR. No. 17857
629 East Main Street
Hendersonville, Tennessee 37075
Phone: (615) 824-3703
Fax: (615) 824-2674
andylallman@comcast.net