IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TRACY B. ERVIN, ) | |
| RODERICK N. WHITE, and ) | |
| ROBERT LADSON ) | |
| ) | |
| Plaintiffs, ) | No. 3:10-cv-1234 |
| ) | |
| vs. ) | JURY DEMAND |
| ) | |
| BULL HN INFORMATION SYSTEMS ) | Judge Nixon |
| INC. and HONEYWELL TECHNOLOGY ) | |
| SOLUTIONS, INC. ) | Magistrate Judge Knowles |
| ) | |
| Defendants. ) | |

## CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01, this initial case management order is submitted by Counsel representing the Plaintiff and Defendant and they request that this Order be entered into by this Honorable Court.

**1.    Jurisdiction and Venue**

This court's subject matter jurisdiction in this matter is not in dispute amongst the parties. Venue is proper in this court.

**2.    Parties' Theories of the Case**

*Plaintiffs' Theory*

Plaintiffs, **TRACY B. ERVIN** ("Ervin"), **RODERICK N. WHITE** ("White"), and **ROBERT LADSON** ("Ladson") of Montgomery County, Tennessee are African American former employees of **HONEYWELL TECHNOLOGY SOLUTIONS, INC.** ("Defendant"). Defendant is a logistics corporation doing work for the United States Army at Fort Campbell

Military Installation that employs more than five hundred (500) employees in each of twenty (20) or more calendar weeks in the current or proceeding calendar year.

Plaintiff Ervin was hired in June 2008 as a PBUSE Clerk. Ervin was employed with Defendant as a PAAVM. Plaintiff White was hired in December 2008 and was employed as a Motorpool Operation and Readiness Manager. Plaintiff Ladson was hired in April 2007 as an Inventory Specialist and last worked for Honeywell as an Equipment Storage Operations Specialist.

All Plaintiffs have been subjected to racial discrimination and retaliation as well as a hostile environment. Plaintiffs have been treated less favorably in the terms and conditions of their employment than their white counterparts. The terms and conditions of their employment which have been adversely affected include but are not limited to inspection and performance evaluations, disciplinary process, pay raises and job retention.

In October 2008, Plaintiff Ervin reported to management the discriminatory conduct of her supervisor, Marshall. Marshall would apply harsher standards to Ervin, and other African American employees, in the areas of inventory, inspection and performance evaluations. Plaintiff Ervin reported this discriminatory conduct on behalf of herself and other African American employees of Defendant to her project manager. Defendant undertook no action on Ervin's report. Part of Ervin's job responsibilities was to inspect and inventory military equipment that had been, or was to be, deployed for combat. Supervisors, including Marshall, continually over-criticized Ervin's job performance in these areas when compared to her white counter-parts. Defendant actually attempted to discipline Ervin in 2010 for inspection and inventory issues that had allegedly occurred two (2) or more years prior. Ervin's white counterparts have damaged equipment and displaced equipment without ever being disciplined.

Ervin has also been subjected to racially derogatory cartoons in the workplace done out in the open with no action being taken against the white employee responsible for such.

Plaintiff White was subjected to a "cussing" by one of his white subordinate employees. White issued a counseling letter, pursuant to policy, against this white subordinate but was informed by a supervisor, Marshall, that the employee would not be disciplined. This white subordinate received his annual pay raise in March of 2010. Plaintiff White was denied his annual pay raise because of the altercation with this subordinate.

Plaintiff Ladson was denied the opportunity to attend job related training courses while the white employees on his "team" with less seniority were permitted to attend. Ladson complained about his treatment. In March 2010, Ladson was given a lower annual pay raise than his white counterparts. Ladson had more seniority and a heavier workload than those white employees. Ladson was confronted in the workplace by a white employee who said to Ladson he was going to "kick you [Ladson] in the f___ing face." Ladson reported this threat to management. Thereafter, Ladson was given a lower performance evaluation by supervisor Marshall.

Defendants, thru their agents and employees, have continually harassed and retaliated against Plaintiffs because of their race and prior complaints. Plaintiffs filed their EEOC Charges and were issued their Notice of Right to Sue on September 29, 2010.

*Defendant's Theory*

Contrary to the allegations in the Amended Complaint, Plaintiffs have not been subject to racial discrimination, retaliation, or a hostile environment, nor have Plaintiffs been treated less favorably in the terms and conditions of their employment as compared to their white counterparts. Plaintiffs were never segregated or classified based upon race in any way that

would tend to deprive them of employment opportunities or otherwise adversely affect their status as employees. All employment actions, including but not limited to inspection and performance evaluations, disciplinary processes, pay raises and job retention, have been based on legitimate, non-retaliatory and reasonable business reasons. At all times relevant Defendant acted in good faith toward Plaintiffs and in compliance with all applicable laws. Defendant additionally incorporates all of the defenses set forth in its Answer, including that Defendant exercises reasonable care to prevent and correct any discriminatory conduct, and Plaintiffs unreasonably failed to take advantage of such opportunities or to otherwise avoid harm.

**3.     Schedule of Pretrial Proceedings**

**I.     Rule 26(a)(1) Disclosure**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference, which is **Monday, March 28, 2011**.

**II.     Other Pretrial Discovery Matters**

All discovery shall be completed on or before **Friday, September 30th, 2011**. All written discovery shall be submitted in sufficient time so that the response shall be handed in by **Friday, September 30th, 2011**. All discovery related motions shall be filed on or before October 9**, 2011**.

No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall confer in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

The parties agree that they will initially produce copies of any electronically stored documents in hard copy form, as .tiff images, as .pdf images, or in native format, at the election of the producing party. The parties also agree to preserve any such documents in their original format for possible inspection by the other side. In the event that any party wishes to inspect the original electronic document, the parties agree to meet and confer to determine the format for production of such information, including the costs of such production. The parties also agree that if privileged or protected information is inadvertently produced, the producing party may, by notice provided within ten days of discovering the disclosure, assert the privilege or protection and obtain the return of the materials without waiver. Thus, the default standard contained in the Administrative Order No. 174 need not apply to this case.

**III.** **Pretrial Motions.**

All dispositive motions shall be filed on or before **Monday, October 31, 2011,** and any response thereto shall be filed on or before 30 days after the filing of the Motion. Any reply shall be filed on or before 14 days after the filing of the Response.

Any motion to amend the pleadings or join parties shall be filed by **Friday, May 20th, 2011**.

There shall be no stay of discovery pending disposition of any motions, unless otherwise authorized by the Court.

### IV. Expert Witnesses.

On or before **Tuesday, June 21st, 2011**, the Plaintiffs shall declare to the Defendant (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

On or before **Thursday, July 21, 2011**, the Defendant shall declare to the Plaintiffs (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed on or before **Wednesday, August 31st, 2011**. There shall not be any rebuttal expert witnesses.

V. Trial: This case is set for trial on March 20, 2012, at 9:00 a.m., before the Honorable John T. Nixon. The pretrial conference is set for March 9, 2012, at 10:00 a.m.

It is so **ORDERED**.

ENTERED this the _____ day of February, 2011.

_E. Clifton Knowles_
**MAGISTRATE JUDGE KNOWLES**